UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RON BRYANT,<br>　　*Plaintiff*,<br><br>　　*vs.*<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br>　　*Defendant*. | )<br>)<br>)<br>)　　1:10-cv-00197-JMS-DML<br>)<br>)<br>)<br>) |

# **ORDER**

Presently before the Court in this Social-Security-disability action is Plaintiff's Motion to Remand. [Dkt. 23.] There, in a one-page motion, Mr. Bryant asks that the Court issue him a remand under 42 U.S.C. § 405(g) (sentence six), so that the Commissioner can reconsider the denial of benefits in light of the Medical Source Statement ("<u>Statement</u>") that Mr. Bryant recently obtained from Dr. Shah, his primary care physician from the Veterans' Administration ("<u>VA</u>").[1]

A "sentence-six" remand requires "a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Evidence only qualifies as "new" for the purposes of sentence six if the "evidence [was] not in existence or available to the claimant at the time of the administrative hearing." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990) (footnote omitted). And new evidence only qualifies as material if "there is a 'reasonable probability' that the ALJ

---

[1] Mr. Bryant has filed the motion as an alternative to his request that the Court issue a remand based solely on the evidence already in the administrative record, [*see* dkt. 22 (arguing for remand under 42 U.S.C. § 405(g) (sentence four))], a request that the Court has denied by separate order.

- 1 -

would have reached a different conclusion had the evidence been considered." *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005) (citation omitted).

After reviewing the parties' papers, the Court concludes that Mr. Bryant has not satisfied his burden to obtain a sentence-six remand because of two waivers of critical argument.

First, as the Commissioner correctly points out, Mr. Bryant's original motion impermissibly failed to address the "newness" or the "good cause" requirements—that is, Mr. Bryant didn't say why he couldn't get the opinion from Dr. Shah in time for his hearing. [*See* dkt. 34 at 11-12; dkt. 23 at 1 (only arguing that a remand is appropriate because Dr. Shah's "opinions bolster Mr. Bryant's testimony that his activities are severely curtailed due to his medical condition").] To counter the Commissioner's argument, Mr. Bryant attached an affidavit to his reply brief explaining that Dr. Shah had, until the time of his motion, refused to provide any opinion evidence based upon her understanding of VA regulations. [*See* dkt. 35-1.] But Mr. Bryant was required to present that affidavit—if at all—when he first made his motion; the law deems litigants to have waived arguments held back until reply. *See, e.g.*, *United States v. Li*, 615 F.3d 752, 757 (7th Cir. 2010).

Second, the Commissioner also contends, [dkt. 34 at 12], that no reasonable probability exists that the ALJ would have credited the Statement because it isn't "well-supported by medically acceptable clinical and laboratory diagnostic techniques…[nor consistent] with other substantial evidence in [the] case record," 20 C.F.R. § 416.927(d)(2). In his reply, Mr. Bryant doesn't dispute the merits of the Commissioner's premise, arguing instead that "there are nearly 250 pages of medical records in the case file supporting her opinion. (*See* Ex. 12F, generally)." [Dkt. 35 at 3.] Thus, Mr. Bryant asks the Court to locate the specific pieces of evidence that the ALJ could potentially find support Dr. Shah's findings. The adversarial system of justice re-

quires, however, that Mr. Bryant take that task upon himself. Otherwise, Commissioner doesn't have a fair opportunity to argue, if appropriate, that the particular evidence cited doesn't mean what Mr. Bryant claims it means. Because Mr. Bryant didn't develop a cogent argument about the consistency of the medical records to Dr. Shah's findings, Mr. Bryant is deemed to have waived any argument in that respect that might otherwise exist. *See Bright v. Colgate-Palmolive Co.*, 2005 U.S. Dist. LEXIS 15470, *45-46 (S.D. Ind. 2005) (Hamilton, J.) (collecting cases requiring cogent argument).

In sum, Mr. Bryant has failed to establish that 42 U.S.C. § 405(g) (sentence six) entitles him to a remand. Accordingly his motion, [dkt. 23], is **DENIED**.

11/04/2010

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Sarah E. Heck
ATTORNEY AT LAW
sarah@sarahhecklaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov